UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:23CR550 RLW (SRW) |
| ) | |
| JAMES BOHLEN, a/k/a "Bud," ) | |
| ) | |
| Defendant. ) | |

## SUPPLEMENTAL MOTION FOR PRETRIAL DETENTION AND HEARING

Comes now the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Jeannette S. Graviss, Assistant United States Attorney for said District, and moves this Court to order the defendant detained pending further judicial proceedings, and further requests that a detention hearing be held three days from the date of the defendant's initial appearance before the United States Magistrate Judge pursuant to Title 18, United States Code, Section 3141, et. seq.

As for its grounds for detention, the government requests this Court to consider the following factors pursuant to Title 18, United States Code, Section 3142.

### Grounds for Detention

1.   The defendant is charged in Count 1 with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.).  *See* 18 U.S.C. § 3142(f)(1)(C).

### Presumption of Detention

2.   The defendant is charged in Count 1 with an offense for which the maximum term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.),

conspiracy to distribute 40 grams or more of fentanyl in violation of Title 21, United States Code, Section 841(a)(1) and 846.  *See* 18 U.S.C. § 3142(e)(3)(A) and (f)(1)(C).

3. The charge in Counts 1 triggers rebuttable presumption of detention pursuant to Title 18, United States Code, Sections 3142(e)(3)(A).  There are no conditions or combination of conditions which will reasonably assure the safety of any other person and the community.

### The Nature and Circumstances of the Offense

4. Title 18, United States Code, Section 3142(g)(1) requires this Court to consider the nature and circumstances of the offense charged, including whether the offense involves a controlled substance or firearms.  The conspiracy charged involves distribution of significant quantities fentanyl, a deadly controlled substance, and the possession of firearms as outlined below, therefore, the first of the § 3142(g) factors weighs in favor of detention.

### The Weight of the Evidence Against the Defendant

5. Section 3142(g)(2) requires this Court to consider the weight of the evidence against the defendant.  The government submits that the evidence against the defendant is strong.

6. Investigators used a confidential source to make multiple controlled purchases of narcotics from the defendant.

7. On October 17, 2023, a search warrant was executed at the defendant's home at 1413 Hebert Street.  Five firearms, approximately 750 grams of fentanyl, and two-kilogram presses were seized from the apartment.

### The History and Characteristics of the Defendant

8. Section 3142(g)(3)(A) requires this Court to consider the history and characteristics of the person, including the person's character, physical and mental condition, employment, financial resources, length or residence in the community, community ties, past conduct, history

2

relating to drug or alcohol abuse, criminal history and record concerning appearance at court proceedings.

9. The defendant has multiple prior arrests for domestic assault and/or battery. In addition to the fact that the significant quantity of fentanyl that the defendant was distributing in the St. Louis area, his prior assault arrests demonstrate the defendant's danger to the community.

10. The history and characteristics of the defendant weigh heavily in favor of detention.

### The Nature and Seriousness of the Danger to the Community

11. The nature and seriousness of the danger to the community is great. The defendant has engaged in the distribution of significant quantities of fentanyl, a deadly controlled substance. The safety of the community would clearly be at risk were the defendant to be released on bond. *See* 18 U.S.C. § 3142(g)(4).

### Risk of Flight

12. There is a serious risk that the defendant will flee. The defendant is facing a lengthy prison sentence in this case.

### Conclusion

13. The government submits that when considering all the factors outlined in Title 18, United States Code, § 3142(g), the factors weigh heavily in favor of detention. There is clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. Furthermore, there is a preponderance of evidence that no condition or combination of conditions will reasonably assure the defendant's appearance in court.

Respectfully submitted,
SAYLER A. FLEMING
United States Attorney


*/s/ Jeannette S. Graviss*
JEANNETTE S. GRAVISS, #44483(MO)
Assistant United States Attorney